CONTINENTAL INSURANCE Co., Plaintiff

v.

WORKMEN'S COMPENSATION COMMISSIONER OF AMERICAN SAMOA and LISE TILO, Defendants

High Court of American Samoa
Trial Division

CA No. 141-87

March 17, 1988

Before REES, Chief Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
 For Defendant American Samoa Government,
 Caroline B. Crenna, Assistant
 Attorney General
 For Defendant Tilo, Charles Ala'ilima

Mataitoa Tilo suffered a fatal heart attack in the spring of 1986. It appeared to the territorial Workmen's Compensation Commission that the heart attack had resulted from the strenuous conditions of Mataitoa's work in the Highway Division of the Department of Public Works, and the Commission awarded death benefits to his widow. Continental Insurance Company, the employer's insurer, wishes us to overturn this award. They argue that the decision ignored evidence that Tilo had long had an infirm heart and that his history of high blood pressure, obesity, and hypertension negated any inference that his heart attack, which occurred at home well after work hours, had anything to do with his employment.

106

We can set aside the Commission's decision only if it was "not in accordance with law." A.S.C.A. § 32.0652. Since the law requires the payment of workmen's compensation for any injury "arising out of and in the course of employment," A.S.C.A. § 32.0520, the only question before us is whether the Commission's finding is supported by substantial evidence. See Hartford Fire Insurance v. Workmen's Compensation Commission, 1 A.S.R.2d 57 (1981).

The record is replete with evidence that would justify one in concluding that Mataitoa Tilo's heart attack was triggered by the demands of his work. Medical treatment had brought his poor physical condition well under control in the months and weeks preceding his heart attack, during which time Tilo worked as a night watchman at the motor pool. He was then transferred to the highway maintenance outfit. His new assignment subjected him to vastly greater physical rigors than his former position had. Further, the circumstances of his transfer --- a punitive and involuntary one to a position of hard physical labor --- created emotional pressures that the testifying physician cited as another potential influence on the course of his infirmity. After his transfer, Mataitoa's condition took a drastic turn for the worse. He left work each day exhausted and plagued by extraordinary headaches. His heart attack occurred eleven days after he had begun work on the road crew.

Continental bases its appeal on evidence that Mataitoa's medical condition was so precarious that he would eventually have succumbed to a heart attack whatever his work circumstances. This suggests at most that Tilo's case could have been a close one for the Commission. We cannot say that a reasonable person examining the above facts could not conclude, as the Commission did, that the demands of Tilo's job hastened his death. The right to appeal a finding of the Commission ensures that no employer will be forced to pay compensation (and no injured employee denied it) by a Commission decision based on whimsy rather than substantial evidence. It does not entitle the losing party to a new trial before a new tribunal. As long as reasonable people could differ on the facts presented to the Commission, its decision will be upheld on appeal.

The authorities cited in Continental's brief compel rather than contradict our conclusion. The cases do not suggest that in all situations similar to Tilo's the claims should be denied. They state instead that a Commission decision, whether for or against the claimant, should be affirmed on appeal if the evidence permitted the Commission to conclude as it did. See Roberts v. Industrial Commission, 509 P.2d 1285, 1286 (Colo. App. 1973). The evidence before the Commission in the claim of Mataitoa Tilo's widow amply supported its determination that his death arose "out of and in the course of his employment," and the decision is affirmed.

It is so ORDERED.